M HN

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LAWRENCE CHESLER and )
JACQUELINE CHESLER, )
 )
      Plaintiffs, )
 )
   v. ) Case No. 08 CV 2679
 )
RICHARD M. CONROY, ANA CONROY ) The Honorable Virginia M. Kendall
FRANCIS C. ANSEL III, and 1327 )
DEARBORN CONDOMINIUM ) Magistrate Jeffery Cole
ASSOCIATION, INC., )
 ) **JURY TRIAL DEMANDED**
      Defendants )

## AGREED
## PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

This Protective Order ("Protective Order") applies to all documents and information produced or disclosed during this litigation by or on behalf of any of the parties which are designated "Confidential Information." The parties believe it is in their best interests to conduct discovery under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.   In light of the foregoing, the parties, through their respective counsel of record, stipulate to the entry of this Protective Order, subject to the Court's approval thereof.

1.     The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to JACQUELINE CHESLER only to the extent and subject to the conditions outlined herein.

2.     For the purpose of this Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501.   Without

limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment of care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3.      All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose the PHI pertaining to JACQUELINE CHESLER to all attorneys now of record in this matter or who may become of record in the future of this litigation provided but only to the extent and within the scope of individualized HIPAA waivers obtained from JACQUELINE CHESLER prior to the release of such PHI.

4.      If the PHI of JACQUELINE CHESLER contains any information pertaining to the care and/or illness of individuals other than JACQUELINE CHESLER, that information shall be redacted prior to disclosure of the PHI to any attorney of record or any parties' insurance carrier or other Qualified Persons (as defined below).

5.      The parties' attorneys and insurers shall be permitted to use the PHI of JACQUELINE CHESLER in any manner that is reasonably connected with the above-captioned litigation.

6.      All PHI of JACQUELINE CHESLER is to be considered Confidential Information and shall be marked "For Qualified Persons' Eyes Only, Subject to Court Order" prior to production.

7.      Confidential Information produced pursuant to this Protective Order may only be disclosed to the following persons ("Qualified Persons"):

2

(a)     Outside attorneys of record for the parties in this litigation, and employees and supporting personnel of such attorneys to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation.  Counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Stipulated Protective Order;

(b)     The Parties' Insurers;

(c)     Actual or potential independent experts or consultants (which shall not include the current or former employees, officers, members and/or agents of parties and affiliates of parties) who have agreed in writing to be bound by the terms of this protective order. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance;

(d)     Court reporters while in the performance of their official duties;

(e)     Outside litigation support vendors, including but not limited to, commercial photocopying vendors;

(f)     This Court or any other court to which any appeal of this litigation is taken;

(g)     If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

8.     The parties acknowledge that the PHI of JACQUELINE CHESLER is extremely sensitive. At no point until further Order of the Court shall the PHI of JACQUELINE CHESLER be disclosed to the individually named defendants to this matter, including RICK CONROY, ANA CONROY, FRANCIS ANSEL or the 1327 DEARBORN CONDOMINIUM ASSOCIATION.

9.     Other documents produced in this action also may be designated by any party or parties as "Confidential" or "For Qualified Persons' Eyes Only" information by marking each page of the document(s) so designated with a stamp stating "Confidential," "Confidential Subject to Protective Order" or "For Qualified Persons' Eyes Only." All Confidential Information not reduced to documentary, tangible or physical form, or which cannot be conveniently marked, shall be

3

designated by the producing party by informing the opposing party in a writing specifically designating the nature, substance and location of the Confidential material.

10.     Confidential Information made available for inspection to opposing counsel prior to copying shall be treated by such opposing counsel as "For Qualified Persons' Eyes Only" during such inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently by the producing party as "Confidential," "Confidential Subject to Protective Order," or "For Qualified Persons' Eyes Only," as may be applicable.

11.     A party shall not be obligated to challenge the propriety of a designation as "Qualified Persons' Eyes Only" or "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation or any interested member of the general public disagrees at any stage of these proceedings with the designation of any information as "Qualified Persons' Eyes Only" or "Confidential," the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party or interested member of the general public may invoke this Protective Order by objecting in writing to the party or third-party who has designated the document or information as "Qualified Persons' Eyes Only", "Confidential."

12.     In the event of a proven violation of this Protective Order by any of the parties in this action or permitted recipients of Confidential Information, the offending party understands that it may, in the discretion of the Court, suffer the imposition of such sanctions as the Court deems appropriate.

13.     Within 30 days of the conclusion of the litigation (which shall be defined at the point at which final orders disposing of the entire case have been entered, or the time at which all trial and

4

appellate proceedings have been exhausted), any person or entity in possession of PHI (other than the person or entity that generated the PHI) or other confidential information subject to this Protective Order shall destroy any and all copies of said PHI in their possession.

14.    Nothing in this Order relieves any party from complying with the requirements of state and federal law protecting the confidentiality of certain medical records, including but not limited to, mental health records (Illinois Mental Health and Development Disabilities Confidentiality Act, 740 ILCS 110/1 et seq.)

15.    Nothing in this order authorizes defense counsel to obtain medical records or medical information through means other than the Keeper of Records and Subpoena and notice to all counsel of record.

16.    Nothing in this order shall be construed as a waiver by plaintiffs of any privileges they may be entitled to pursuant to the Illinois Mental Health and Development Disabilities Confidentiality Act, 740 ILCS 110/1 et seq.

DATE:    *8-25-08*

JUDGE: _____
The Honorable Virginia Kendall

5