**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE CHESLER and | ) | |
| JACQUELINE CHESLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 2679 |
| | ) | |
| RICHARD M. CONROY, ANA CONROY | ) | The Honorable Virginia M. Kendall |
| FRANCIS C. ANSEL III, and 1327 | ) | |
| DEARBORN CONDOMINIUM | ) | Magistrate Jeffery Cole |
| ASSOCIATION, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

 Lawrence and Jacqueline Chesler, by and through their attorneys, GRIFFIN LAW OFFICES, LLC, for their Response in Opposition to Defendants' Motion to Dismiss (the "Motion"), state as follows:

**INTRODUCTION**

 As set forth in Plaintiffs' Complaint, Plaintiff Larry Chesler suffers from a physical disability that causes him chronic back pain.[1] Mr. Chesler and his wife repeatedly requested a number of reasonable accommodations from their condominium association that would afford Mr. Chesler an equal opportunity to enjoy his home and the common areas of the condominium property. The Defendants refused Plaintiffs' requests for these accommodations. Plaintiffs objected that such refusals violated Plaintiffs' legal rights. The dispute continued to escalate, and the Defendants started to engage in conduct that actively

---

[1] Mr. Chesler suffers from spinal stenosis, spondolilisthesis and severe arthritis in the lower back, which ultimately degenerated to the point that Mr. Chesler was required to have the lowest five vertebrae in his back fused together just to permit him to walk.

created a hostile environment and caused even greater interference with the Cheslers' use and enjoyment of their home. These hostile actions appeared intended to resolve the disputes by forcing the elderly (and, in Larry's case, disabled) Cheslers to sell their home and move away.

With no other recourse available to them, the Cheslers filed this lawsuit. In Count I of their Complaint, the Cheslers maintain that the Defendants violated (and continue to violate) the Fair Housing Act (the "FHA") by failing and refusing to make reasonable accommodations necessary to afford Larry Chesler equal opportunity to enjoy his condominium dwelling. In Count II, Plaintiffs maintain that the Defendants violated the FHA by creating a hostile housing environment in retaliation against the Cheslers for demanding accommodations and for asserting their legal rights as unit owners in the condominium association.[2]

In their Motion, the Defendants argue that Plaintiffs fail to state a claim for any violation of the FHA. The Defendants contend that Count I fails (1) because Plaintiffs' requests for accommodations are just disguised condominium association disputes, and should be rejected because such disputes do not fall within the intended ambit of the FHA; (2) because Plaintiffs' requests for accommodations are not necessary to afford Larry Chesler equal opportunity to use and enjoy his dwelling; and (3) because Larry Chesler's disability does not qualify him for protection under the FHA. The Defendants contend that Count II fails because the hostile environment alleged is not severe or pervasive enough to violate the FHA, and because the Defendants' hostility towards the Cheslers in not alleged to be motivated by an animus against Mr. Chesler's disability.

The Defendants arguments are without merit on both Counts. As set forth more fully below, Plaintiffs sufficiently allege each element of both a reasonable accommodation claim

---

[2] Plaintiffs also assert a number of state law and common law claims in Counts III through VIII of their Complaint. The Defendants do not ask the Court to rule on the sufficiency of these claims, but requests that the Court decline to exercise supplemental jurisdiction over these claims if the Court dismisses the FHA claims.

and a hostile housing environment claim under the FHA.  Accordingly, the Defendants' Motion to Dismiss should be denied.

## ARGUMENT

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Wilstein v. San Tropai Condominium Master Association*, 1999 WL 262145, *6 (N.D.Ill. April 22, 1999) (J.Kocoras).  "A defendant must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted."  *Id.*  In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993) The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (U.S. S. Ct. 1957).

As detailed below, the Defendants' arguments do not truly test the sufficiency of Plaintiffs' allegations. Rather, the Defendants merely dispute the merits of Plaintiffs' claims.

## I.    Plaintiffs Sufficiently Plead All Elements Of A Claim For Reasonable Accommodation Under The Fair Housing Act

To plead a claim for failure to make reasonable accommodations in violation of the FHA, Plaintiff need only allege that "(1) the plaintiff suffers from a handicap or is a person associated with a handicapped person; (2) the defendant knows of the handicap or reasonably should be expected to know of it; (3) accommodation of the handicap may be necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendant refused to make such an accommodation." *Roseborough v. Cottonwood Apartments*, 1996 WL

490717 at *2 (N.D.Ill. Aug.26, 1996) (J.Kocoras) (*citing HUD v. Ocean Sands*, 1993 WL 343530 at *11 (H.U.D.A.L.J. September 3, 1993)). In the present case, Plaintiffs clearly allege all four of these elements.

Plaintiffs alleged that Mr. Chesler is handicapped for purposes of protection under the Fair Housing Act. Larry Chesler is a 71 year old male. Complaint at ¶ 1. In 2004, due to chronic back problems, Larry was issued a handicapped parking permit by the City of Chicago. Complaint at ¶ 26. In May, 2006, Larry underwent spinal surgery requiring that he be placed in a brace 23 of 24 hours each day. Complaint at ¶¶ 27, 78. Larry continues to be limited in mobility and for all intents and purposes is regarded as handicapped per the FHA. Complaint at ¶ 79. Larry suffers from a physical impairment that limits one or more of his major life activities. Complaint at ¶ 81. Larry's mobility has been impaired as a result of his condition and subsequent surgery. Complaint at ¶¶ 78, 82, 85, 86, 88, 89, 90, 92, 94, and 95.

Plaintiffs also allege that Rick Conroy, Ana Conroy, Francis Ansel and the 1327 Dearborn Condominium Association knew or should have about Larry's disability. Plaintiffs allege that on multiple occasions they communicated to their neighbors (and by extension the Board) that Larry's mobility was impaired. *See Complaint* at ¶¶ 85, 86, 87, 89, 90, 92, 94, 96, and 98. To that end, Plaintiffs' multiple requests put the Defendants on constructive and actual notice that Larry was handicapped.

Plaintiffs also set forth the accommodations that were requested to afford Larry Chesler's equal opportunity to enjoy and use his dwelling and the condominium property common areas. Plaintiffs asked that the front and back stairwells, front walkway and parking lot be kept clear and dry to allow Larry Chesler, even with his handicap, to move more freely through the building's common areas without the ever-present fear of falling/tripping. *See*

Complaint at ¶¶ 85, 86, 89, 90, 92, 93, 94, 96, 98.  (The Defendants' response, unfortunately, was to hose down the walkways, shift trash cans to block access to the Cheslers' vehicle, and shovel snow to block access to Larry Chesler's handicapped parking space). Plaintiffs also requested that the intercom system be repaired so that Larry Chesler would not be forced to go up and down the stairs multiple times a day to allow delivery persons and visitors access to their home. *See* Complaint at ¶¶ 92, 93.

Plaintiffs also allege that the Defendants refused and failed to make these requested accommodations. *See* Complaint at ¶¶ 84, 86, 89, 91, 93, 95, 97 and 99.

The Defendants acknowledge that, for the purposes of a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), all these allegations must be taken as true and regarded in the light most favorable to the Plaintiffs. The Defendants argue, however, that the Cheslers' requests, and the Defendants' rejection of these requests, are mere condominium squabbles that do not rise to the level of FHA violations.  This argument is contradicted by the law of this District.  Indeed, the very case cited by Defendants in making this argument - *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327 (7th Cir. 2004) – found that the condominium disputes in that case sufficiently alleged an FHA violation:

> The remaining question is whether the conduct alleged in the complaint amounts to "threatening, intimidating or interfering" within the meaning of the statute and the regulation. The defendants argue that it does not, because it is far less ominous, frightening, or hurtful than burning a cross in a neighbor's front yard or assaulting the neighbor physically. But that cannot be the test. ***There are other, less violent but still effective, methods by which a person can be driven from his home and thus "interfered" with in his enjoyment of it***. *See, e.g., Krueger v. Cuomo, supra*, 115 F.3d at 490-91 (sexual harassment); *Regional Economic Community Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 43-44 (2d Cir.2002) (economic pressure); *Walker v. City of Lakewood*, 272 F.3d 1114, 1126-31 (9th Cir.2001) (same). Of course, to repeat an earlier point, we do not want, and we do not think Congress wanted, to convert every quarrel among neighbors in which a racial or religious slur is hurled into a federal case. But what is alleged in this case (as in the factually similar case of *Ohana v. 180*

> *Prospect Place Realty Corp.*, 996 F.Supp. 238, 239 (E.D.N.Y.1998)) is a pattern of harassment, invidiously motivated, and, because backed by the homeowners' association to which the plaintiffs belong, a matter of the neighbors' ganging up on them. We are far from a simple quarrel between two neighbors or the isolated act of harassment committed by the landlord in *DiCenso v. Cisneros*, supra, 96 F.3d at 1006.

*Halprin* at 330 (emphasis added).

The Defendants also have no legal support for their contention that Larry Cheslers' disability is not protected under the FHA.  On the contrary, in yet another case cited by Defendants in their brief - *Wilstein v. San Tropai Condominium Master Association*, 1999 WL 262145 (N.D.Ill. April 22, 1999) (J.Kocoras) – the court found that a heart condition and the plaintiff's request (and the defendants' refusal) of accommodations such as a closer parking spot were sufficient to state a claim under the FHA.  Mr. Chesler's disability as alleged in the Complaint is at least as disabling as the heart condition alleged in *Wilstein,* and the Defendants make no effort to distinquish *Wilstein*.

The Defendants argument that Mr. Chesler is not entitled to reasonable accommodations under the FHA because he bought a home in a three story walk up building is equally unavailing.  In *Wilstein*, the plaintiff purchased a condominium which required him to walk to a parking spot.  He was not precluded from making accommodation requests for a closer parking spot under the FHA.  Indeed, the Defendants cite that "request for a more accessible parking space" as precisely the type of reasonable accommodations subject to litigation under the FHA in this Circuit.  *See* Defendants' Brief at 6.

## II.    Count II of Plaintiffs' Complaint Sufficiently States a claim for Hostile Housing Environment

Citing this Court's own case – *Kreiman v. Crystal Lake Apartments Ltd. Partnership*, 2006 WL 1519320 (N.D.Ill. May 31, 2006) – Defendants next argue that Count II fails because

"(1) plaintiffs have not alleged that the purported harassment was based on this [Larry Chesler's] protected status [as a handicapped individual], and (2) the allegations of harassment fall far short of the severity and pervasiveness required to state a claim under the FHA for creation of a hostile living environment as a matter of law." Defendants Memorandum in Support of Motion to Dismiss at Pgs. 9-10.

Defendants' argument is premature at the motion to dismiss stage.[3]  The parties should not yet be debating the Defendants' motives in the hostility they directed at the Cheslers. Motives are typically matters which may be inferred at this stage of the pleadings – and improper motives are easily inferred in the present case.  Defense counsel has admitted in his presentations to the Court that the Defendants have an animus toward the Cheslers. It is proper to infer that the alleged harassment of the Cheslers is a result of that animus. Defendants' actions against the Cheslers have generally manifested themselves in a manner that significantly interferes with Larry Chesler's use and enjoyment of the 1327 Condominium common areas based on his physical impairment. Complaint at ¶¶ 29, 30, 31, 32, 36(d)(f)(g), 63-69, 86-99. While it may not be expressly alleged in the Complaint that Defendants' repeated and systematic harassment was borne from prejudice against the disabled, it is clear that there is a causal nexus between the manner in which Defendants' harassment manifested itself and Larry Chesler's disability. There are sufficient inferences through the entirety of the Complaint that suggest that Defendants repeatedly and systematically created dangerous conditions and a dangerous environment for Larry Chesler, thereby interfering with his use and enjoyment of the premises. Accordingly, Plaintiffs have sufficiently alleged a causal connection between Larry Chesler's physical disability and Defendants continued harassment.

---

[3] *Kreiman* was decided by this Court upon a motion for summary judgment.

Moreover, Defendants argument fails to address case law precedent in which a hostile housing environment claim is deemed sufficient when the hostility is in retaliation for the plaintiff's attempts to assert his protected rights under the FHA. *See Wilstein v. San Tropai Condominium Master Association*, 1999 WL 262145 (N.D.Ill. April 22, 1999) (J.Kocoras).  In *Wilstein*, the plaintiff suffered from a heart condition. He made multiple requests – in the spirit of a reasonable accommodation – for a parking space closer to his unit's entrance. His requests were repeatedly denied, which prompted him to make several complaints to the Association. These complaints led to a series of actions directed at the plaintiff designed to harass and intimidate the plaintiff – including, amongst other actions, leaving threatening notes, spitting on his door knob, dumping garbage on his car, having his car towed, pushing plowed snow around his car and slashing his tires – all actions that were not tied directly to his heart condition (Wilstein's basis for his FHA reasonable accommodation claim). Mr. Wilstein brought a claim for hostile housing environment in part based on the retaliation for his assertion of his protected rights. *Wilstein* at * 10. The Court, at the Motion to Dismiss stage, stated that Mr. Wilstein sufficiently stated his claim for a hostile housing environment based on his allegations. *Wilstein* at * 11.

Like *Wilstein*, the Cheslers have repeatedly made requests to their association for reasonable accommodations to allow Larry Chesler an equal opportunity to use and enjoy his home and the common areas of the 1327 Dearborn Condominiums. *See* Complaint at ¶¶ 85, 86, 89, 90, 92, 93, 94, 96, 98. The Conroys, Frank Ansel and the Association have responded by purposely creating even more hazardous conditions. *See* Complaint at ¶¶ ¶¶ 29, 30, 31, 32, 36(d)(f)(g), 63-69, 86-99. As in *Wilstein*, the Court can and should find that these actions bear a sufficient relationship to Larry Chesler's disability to sustain his hostile housing environment

claim under the FHA.  Accordingly, this Court should deny Defendants' Motion to Dismiss Count II.

## CONCLUSION

For the reasons set forth above, Plaintiffs Larry and Jackie Chesler respectfully request that this Court deny Defendants Motion to Dismiss Counts I & II of their Complaint, or alternatively, in the event that this Court determines that Plaintiffs have not pled any particular element with adequate sufficiency, that Plaintiffs be granted leave to amend their Complaint.

Date: September 02, 2008                      LAWRENCE & JACQUELINE CHESLER,


                                              By: /s/ Thomas G. Griffin
                                                    One of their attorneys

Thomas G. Griffin (ARDC # 6202401)
Troy M. Sphar (ARDC # 6278497)
GRIFFIN LAW OFFICES, LLC
656 West Randolph Street, Suite 500w
Chicago, Illinois 60661
(312) 648-1700

## CERTIFICATE OF SERVICE

Thomas G. Griffin, an attorney, hereby certifies that he caused a copy of the foregoing Motion for Extension of Time to be served on September 02, 2008 via the ECF electronic filing system upon the following:


Steven Borkan
Timothy Scahill
STELLATO & SCHWARTZ, LTD.
120 N. LaSalle Street, 35th Floor
Chicago, Illinois 60602

Richard Hillsberg
Diane Silverberg
Pamela Park
Michael Kreibich
LAW OFFICES OF KOVITZ SHIFRIN & NESBIT, PC
750 West Lake Cook Road, Suite 350
Buffalo Grove, Illinois 60089


/s/   Thomas G. Griffin
Thomas G. Griffin